UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD NORMAN BROWN, | Case No. 3:24-cv-00384-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| NATHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

## I. SUMMARY

Pro se Petitioner Donald Norman Brown filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1.) This Court conducted an initial review of the Petition and ordered Brown to show cause why the Petition should not be dismissed as untimely. (ECF No. 5.) Brown timely responded to the order to show cause. (ECF No. 6.) The Court now dismisses the Petition with prejudice as untimely.

## II. BACKGROUND[1]

Brown challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Donald N Brown, III*, 09C251262. On May 4, 2011, the state court entered a judgment of conviction, following a guilty plea, convicting Brown of second-degree murder and robbery. Brown was sentenced to an aggregate of 14 to 35 years in prison. It does not appear that Brown appealed his judgment of conviction or filed a state habeas petition. Rather, on April 5, 2023, Brown moved to correct his sentence. On July 25, 2023, the state court denied the

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court Nevada appellate courts.

motion. Brown appealed, and the Nevada Court of Appeals affirmed on June 13, 2024. (ECF No. 1-2 at 119-22). Remittitur issued on July 8, 2024. (*Id.* at 124.)

## III. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## IV. DISCUSSION

Brown's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on June 3, 2011. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run on June 4, 2011. The AEDPA clock expired 365 days later on June 4, 2012. Brown transmitted his Petition to this Court on August 28,

2

2024. Therefore, Brown filed his Petition over 12 years after the AEDPA limitation period expired.[2]

In his response to the order to show cause, Brown argues that the state district court lacked subject matter jurisdiction to sentence him, and because subject matter jurisdiction can be raised at any time and can never be forfeited or waived, his Petition is "not subject to the one-year limitation period." (ECF No. 6 at 2.) Specifically, as is argued in greater detail in his Petition, Brown contends that NRS § 171.010, the statute giving Nevada state district courts their jurisdictional authority, is invalid and unconstitutional because it contains no Enactment Clause and that NRS § 171.010 was nullified in 1957 when the Nevada Legislature enacted the Nevada Revised Statutes and invalidated all preexisting statutes, including Nev. Rev. Stat. § 171.010. (ECF No. 1-1 at 4-7.) The Court finds that these arguments lack merit.

First, the Nevada state district court had jurisdiction over Brown's underlying criminal case under the Nevada Constitution. *See* NEV. CONST. art. VI, § 6. Second, NRS § 171.010 does not address the state district court's jurisdiction. Rather, it provides criminal liability for persons committing offenses within Nevada. Third, Brown's argument that the Nevada state courts lack jurisdiction under NRS § 171.010, which is also a basis of his Petition, presents an issue of state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Further, Brown fails to demonstrate that he is entitled to equitable tolling, statutory tolling, or delayed accrual. Brown also fails to argue that he is actually innocent. Therefore, this Court dismisses the Petition as untimely.

This Court previously deferred ruling on Brown's motion for appointment of counsel. (ECF No. 5.) This Court now denies that motion as moot given that the Petition is dismissed.

---

[2]Although Brown moved to correct his sentence on April 5, 2023, this motion was filed after the AEDPA clock had already expired. As such, this motion could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

## V.    CONCLUSION

It is therefore ordered that this action is dismissed with prejudice as time barred. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the motion for appointment of counsel (ECF No. 1-3) is denied as moot.

It is further ordered that the Clerk of Court file the Petition (ECF No. 1-1).

It is further ordered that the Clerk of Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents.[3]

It is further ordered that the Clerk of Court provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this order, and all other filings in this matter by regenerating the notices of electronic filing.

It is further ordered that the Clerk of Court enter final judgment dismissing this action with prejudice and close this case.

DATED THIS 15th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]No response is required from Respondents other than to respond to any orders of a reviewing court.